# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**MICAH ELIZABETH ANGEL**                                                  **PLAINTIFF**

**v.**                          **Case No. 3:18-cv-00121-KGB**

**KEITH BOWERS,** *et al.*                                             **DEFENDANTS**

## ORDER

Before the Court is plaintiff Micah Elizabeth Angel's second motion for leave to proceed *in forma pauperis* (Dkt. No. 15). For the reasons below, the Court grants Ms. Angel's motion for leave to proceed *in forma pauperis* (Dkt. No. 15). After careful consideration, the Court dismisses without prejudice Ms. Angel's complaint and amended complaint (Dkt. Nos. 2, 16).

### I. Procedural Background

On August 30, 2018, the Court entered an Order denying Ms. Angel's application to proceed *in forma pauperis* as incomplete and directing Ms. Angel to pay the filing fee or submit a properly completed *in forma pauperis* application within 30 days (Dkt. No. 14). In the same Order, the Court also screened Ms. Angel's complaint before ordering service in this matter, pursuant to 28 U.S.C. § 1915(e)(2). Based on the lack of specific allegations against named defendants Keith Bowers, Bryan Helton, Matt Hall, Officer Tyler Wilson, and Chief of Police Rick Elliott, the Court directed Ms. Angel to submit an amended complaint within 30 days from the date of its Order that: (1) identified the claims she intends to bring; (2) identified the defendants she intends to sue; (3) contained a short statement of the specific role each defendant had in the alleged constitutional violations; and (4) described the injuries Ms. Angel sustained. The Court cautioned Ms. Angel that a failure to comply with the Order could result in the dismissal of her lawsuit. *See* Local Rule 5.5 ("If any communication from the Court to a *pro se* plaintiff is not responded to within thirty

(30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.").

On September 25, 2018, Ms. Angel filed a second motion for leave to proceed *in forma pauperis* (Dkt. No. 15). On September 27, 2018, Ms. Angel filed an amended complaint (Dkt. No. 16). On October 15, 2018, November 5, 2018, November 8, 2018, and January 9, 2019, Ms. Angel filed notices to the Court (Dkt. Nos. 17, 18, 19, 20).

## II. Motion For Leave To Proceed *In Forma Pauperis*

Based on Ms. Angel's resubmitted *in forma pauperis* application, she has neither the funds nor the income to pay the filing fee. Therefore, the Court grants her motion to proceed *in forma pauperis* and permits Ms. Angel to proceed without prepayment of the filing fee (Dkt. No. 15).

## III. Screening The Amended Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must screen Ms. Angel's amended complaint before ordering service in this matter to determine whether her amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

In her initial complaint, Ms. Angel sued defendants Mr. Bowers, Mr. Helton, and Mr. Hall in their official and personal capacities, but she did not include in her initial complaint any allegations of fact against any of these individuals (Dkt. No. 2, at 4-5). Ms. Angel also filed an addendum to her initial complaint naming Officer Wilson as a defendant to this action, but she did not include any allegations of fact against him (Dtk. No. 3). The Court directed Ms. Angel to submit, within 30 days from the date of the prior Order (Dkt. No. 14), an amended complaint that: (1) identified the claims she intends to bring; (2) identified the defendants she intends to sue; (3) contained a short statement of the specific role each defendant had in the alleged constitutional violations; and (4) described the injuries Ms. Angel sustained.

In her amended complaint, Ms. Angel alleges that she was "not given a fair trial" (*Id.*, at 10). Ms. Angel names Craighead County Jail employee Tabitha Simmons, Judge Keith Blackmon, Judge Curt Huckabee, City Attorney Carol Duncan, and Assistant City Attorney Jessica Thomason as additional defendants (Dkt. No. 16, at 7). Ms. Angel's amended complaint does not contain any specific allegations against any of the named defendants. She asserts that the Court "can see attached police reports. If you need additional written explaination [sic] feel free to request it. Most people can read a complaint and see that things have been altered/or [sic] edited" (*Id.*, at 10). She argues "[t]he incident reguarding [sic] these violated amendments are Tyler Wilsons [sic] reports and Curt Huckabees [sic] guilty verdict" (*Id.*). She alleges that "Curt Huckabee refused to review [her] medical records" (*Id.*). In regard to relief, Ms. Angel "want[s] those convictions off [her] record" and "want[s] those officers arrested" (*Id.*, at 5). Ms. Angel "want[s] to be compensated for the time away from [her] child and to pay for damages done to [her] bones" (*Id.*).

In support of her amended complaint, Ms. Angel includes printed pages from the Federal Bureau of Investigation website regarding civil rights and "priority issues" within the field

3

including hate crimes, human trafficking, color of law violations, Freedom of Access to Clinic Entrances Act violations, international human rights violations, and federal civil rights statutes, as well as printed versions of online complaints Ms. Angel filed with the Department of Justice and with the office of Arkansas Governor Asa Hutchinson (Dkt. No. 16, at 12-22). Ms. Angel also includes an Arkansas state court Final Order of Protection (*Id.*, at 23-28).

Attached to Ms. Angel's amended complaint are 757 pages of various records, including records that appear to be: (1) Ms. Angel's interactions with the Jonesboro City Attorney Office, the Craighead County Office of the Prosecuting Attorney, the Jonesboro Police Department, and the Arkansas state court criminal system and domestic relations division; (2) Ms. Angel's medical records; (3) Ms. Angel's 2016 and 2018 personal property assessments; (4) proofs of services filled out by Ms. Angel for Bryan Helton Keith Bower dated June 29, 2018, and July 3, 2018, respectively; (5) a rental purchase agreement for utility 8 feet walls listing Ms. Angel as the purchaser; (6) a record of cash receipt from the Arkansas State University-Newport Business Office; (7) the United States District Court for the Eastern District of Arkansas Guide for Filing Civil Cases; (8) an Order and Judgment entered by this Court in a separate civil case;[1] (9) a handwritten note signed by David Angel on August 11, 2018, stating that he "pa[id] for all of the items at Dollar General when [his] grandchild Micah Angel was arrested" and that he could be contacted with any questions; (10) a handwritten note filed as Docket Number 11 in the instant case on August 16, 2018, requesting that the case stay with this Court; (11) Ms. Angel's minor child's immunization record; (12) probation records for Ms. Angel; (13) an article about the United States Constitution; (14) a Wikipedia article titled "Slavery"; (15) an article about the Bill of Rights; (16) a Wikipedia article titled "Minimum Wage in the United States"; (17) a document

---

[1] Case No. 3:16-cv-00232-KGB.

detailing how to connect on social media to Jonesboro Public Schools; (18) a United States Department of Justice Freedom of Information Act Reference Guide; (19) a handwritten note signed by Ms. Angel and dated June 19, 2018, regarding requests to Suddenlink for records; (20) an unsigned, handwritten note that states "Good for 1 free full body massage Moe 870-877-7118"; (21) documents from the Arkansas Department of Finance and Administration regarding Ms. Angel's driver's license; (22) photographs of a cell phone; (23) Federal Communications Commission consumer complaints submitted by Ms. Angel and an email notification of receipt of her complaints; (24) correspondence and contracts between Ms. Angel and retained attorneys; (25) receipts from Food Smart; (26) a handwritten note signed by Ms. Angel on June 19, 2018, giving permission to her attorney Scott Davidson to obtain any records needed with respect to a SuddenLink account; (27) Craighead County District Court Small Claims information sheet and records relating to Ms. Angel; (28) a document listing the U.S. Citizenship and Immigration Services Field Offices that service Arkansas and Tennessee; (29) Craighead County Detention Center records relating to Ms. Angel; (30) records from the Arkansas Department of Human Services; (31) a receipt from Mothers Against Drunk Driving for a payment by Ms. Angel; (32) a bill of sale for a Ford Ranger showing Ms. Angel as the new owner; (33) a Progressive Auto insurance quote for Ms. Angel; (34) a class registration form and certificate of completion for The Justice Network, Inc.; (35) a letter to Ms. Tula Arnold from Ms. Angel stating that her belongings have been stolen from her apartment; (36) a letter from the United States Postal Service regarding Ms. Angel's address; (37) a Dollar General Store receipt; (38) a letter from David Angel providing permission to Suddenlink to access his account for the records Ms. Angel seeks; (39) Ms. Angel's public library records; (40) Ms. Angel's state tax records; (41) an Eastern District of Arkansas subpoena for Keith Bowers dated July 2, 2018; (42) copies of Ms. Angel's driver's license and

social security card; and (43) undated and unsigned handwritten notes (Dkt. Nos. 16-1, 16-2). One of the undated and unsigned handwritten notes alleges:

> I brought the amended complaint and receipt of the subpoena for Mr. Bowers on the 29th of May like the order said but the office wasn't open. Here attached is a picture of that signed by the federal clerk. I want to refile and I also would like a different judge to consider my lawsuit, criminal complaint, and Freedom of Information case. Its [sic] very clear that the laws were broken and it is very clear of what I am asking in the filed paper work [sic]. I have already filed a complaint on Judge Marshall. My handwriting shouldn't determine wheather [sic] or not it gets approved. Neither should the neatness [sic] or the spelling. I'm poor I'm not as smart as you. I feel like your [sic] just all bullying me and lying so Id [sic] like a different judge I am a <u>poor</u> <u>single</u> mother. I do not have time for anyone to use the official statis [sic] to commit crimes [indecipherable] lie just to get self esteem. If thats [sic] all your [sic] going to do you should consider watching T.V. its [sic] made to entertain you. I am not going to do anything other than tell on everybody everytime

(Dkt. No. 16-1, at 41) (emphasis in original).

Another unsigned and undated handwritten note asserts:

> The cheif [sic] of police met with my mother at her job and asked her what are "they going to do about me". [sic] She told me after he spoke with her. It is my belief that the men they employ have an obsession with arresting me whenever the authorities are called when someone else calls them and Im [sic] there when they arrive. When I call them with a valid complaint nothing is ever done in my favor. Its [sic] very uncomfortable for me. I requested my videos from jail to kinda [sic] prove this point but they refuse to give them to me. Im [sic] being forced to work agianst [sic] my will as a slave for some of the trashiest people its [sic] illegal to force someone to work agianst [sic] their will with no pay

(Dkt. No. 16-1, at 130).

Ms. Angel also includes a handwritten note dated September 25, 2018, "reguarding [sic] disorderly conduct on 1/29/16" (Dkt. No. 16-2, at 267). She alleges that the officer "refused to provide [her] with any information [she] requested these are lies" and requests to "remove this off of [her] records also" (*Id.*). Many of the records attached to Ms. Angel's amended complaint are repetitive.

6

Ms. Angel brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). To state a cognizable claim under § 1983, a complaint must set forth specific factual allegations describing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See*, *e.g.*, *Dockery v. City of Garland*, Case No. 4:10CV04071-HFB-JRM, 2011 WL 1167082, at *2 (W.D. Ark. March 10, 2011). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

Neither Ms. Angel's complaint nor Ms. Angel's amended complaint, nor any other document filed in this case, contains sufficient factual allegations describing what any named defendant allegedly did to violate Ms. Angel's rights. When Ms. Angel's original complaint did

not include any allegations of fact against any of the named defendants (Dkt. No. 2, at 4-5), the Court directed Ms. Angel to submit, within 30 days from the date of the prior Order (Dkt. No. 14), an amended complaint that: (1) identifies the claims she intends to bring; (2) identifies the defendants she intends to sue; (3) contains a short statement of the specific role each defendant had in the alleged constitutional violations; and (4) describes the injuries Ms. Angel sustained. Ms. Angel's amended complaint does not include information regarding the actions Ms. Angel claims any particular defendant took in regard to her and how she claims she was injured as a result.

It remains unclear to the Court what Ms. Angel alleges occurred and what any of the named defendants might have done to violate Ms. Angel's rights. She does not state her claim; instead, she refers the Court to the attached documents. The Court cannot determine how the documents relate to Ms. Angel, the named defendants, or the other documents attached. Ms. Angel fails to state in her own words who allegedly did what to merit being sued. The Court will not guess at the claims Ms. Angel intends to bring. Instead, she needs to state them. She does not have to use specific words or phrases; she just has to tell plainly the story of what allegedly happened to her and identify who allegedly did what to her to violate her constitutional rights.

The Court is unable to determine what each named defendant allegedly did that violated Ms. Angel's constitutional rights, and the Court is not able to piece together from any filing or documents submitted by Ms. Angel what she claims occurred to merit filing a federal lawsuit. Because Ms. Angel has provided no specific factual allegation against any individual named defendant, she has failed to state a claim on which relief may be granted. *See Madewell*, 909 F.3d at 1208. Accordingly, the Court dismisses without prejudice her amended complaint.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Ms. Angel's motion for leave to proceed *in forma pauperis* (Dkt. No. 15), and the Court dismisses without prejudice this action on screening.

It is so ordered this 4th day of February, 2019.

_____
Kristine G. Baker
United States District Judge